**Mack RUNDEL, Appellant,**

v.

**CAMPBELL "66" EXPRESS, INC., and Highway, City and Air Freight Drivers, Dockmen and Helpers Local Union No. 600, Appellees.**

No. 81–1066.

United States Court of Appeals,
Eighth Circuit.

Submitted June 24, 1981.

Decided June 30, 1981.

H. Kent Munson, Stolar, Heitzmann, Eder, Seigel & Harris, St. Louis, Mo., for appellant.

Cary Hammond, Richard Shinners, Diekemper, Hammond & Shinners, St. Louis, Mo., for appellee, Teamsters Local No. 600.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

Plaintiff Mack Rundel appeals, *pro se*, from a jury verdict in favor of defendants Campbell "66" Express, Inc. (Campbell) and Highway, City and Air Freight Drivers, Dockmen and Helpers Local Union No. 600 (union). This action arose out of a labor dispute between Campbell and Rundel. Rundel was employed by Campbell as a truck driver and engaged primarily in over the road driving. On December 12, 1977, Rundel was discharged by Campbell for delay of freight. Rundel had been discharged twice previously on August 2, 1977, and November 17, 1977. Each time he filed a grievance with the union against Campbell for wrongful discharge. In each instance he was reinstated without back pay. Rundel initiated a third grievance after the December discharge. He contended that Campbell's discharge violated the collective bargaining agreement between Campbell and the union. Rundel's grievance was presented to a grievance committee in keeping with the terms of the collective bargaining agreement. Rundel was represented at the proceeding by the union's business representative. The grievance was denied and Rundel subsequently requested that the proceeding be reopened so that he might submit new evidence to the committee. On March 9, 1978, a rehearing was held and Rundel, again accompanied by the union business representative, was permitted to introduce further evidence. The committee unanimously reaffirmed its previous decision denying the grievance.

Rundel then brought this action under the Labor Management Relations Act against Campbell and the union alleging that Campbell discharged him in violation of the collective bargaining agreement and that the union breached its duty of fair representation. A jury trial was had and the jury returned a verdict against Rundel.

A reading of Rundel's *pro se* brief discloses that his sole contention on appeal is that the evidence in this case is insufficient to support the jury verdict in favor of Camp-

bell and the union. The standard of review in such circumstances is clear. This court "will not reverse a jury's determination of a fact question where such determination is supported by substantial evidence, nor will we substitute our judgment for that of the finder of facts, whether it be judge or jury." *Leathers v. United States*, 471 F.2d 856, 858 (8th Cir. 1971). A review of the record here reveals ample evidence which supports the jury verdict. The judgment is hereby affirmed.